A. B. HERVEY, Jr., Commissioner of Revenues *v.* CONSTRUCTION HELICOPTERS, Inc.

5-5919                                           480 S.W. 2d 577

Opinion delivered May 29, 1972
[Rehearing denied June 26, 1972.]

R. *David Lewis*, for appellant.

*House, Holmes & Jewell* by: *Tom F. Lovett*, for appellee.

CONLEY BYRD, Justice. Appellant A. B. Hervey Jr., Commissioner of Revenues, brought this action against appellee Construction Helicopters, Inc., a nonresident contractor, to recover $23,100 in use taxes and penalties pursuant to Ark. Stat. Ann. § 84-3129 et seq. (Supp. 1971), for the use of a $700,000 helicopter in the performance of a contract in this State. The trial court dismissed the complaint because it did not allege that the helicopter was procured for use in this State.

We affirm the trial court for the reasons stated in *Larey, Commissioner of Revenue* v. *Wolfe* 242 Ark. 715, 416 S. W. 2d 266 (1967). Appellant readily recognizes the *Larey* case as being contrary to the position he is now arguing but suggests that the interpretation there given is contrary to the legislative intent as revealed in the words of the statute. He also suggests that the *Larey* interpretation is contrary to the philosophy of the sales and use tax laws. In making these assertions, appellant overlooks our many cases to the effect that any ambiguity or doubt in a tax act is to be resolved in favor of the taxpayer. See *Wiseman* v. *Arkansas Utilities Co.*, 191 Ark. 854, 88 S.W. 2d 81 (1936) and *Thompson* v. *Chadwick*, 221 Ark. 720, 255 S.W. 2d 687 (1953). His position also ignores the constitutional quagmires that would develop in assessing a $21,000 use tax against a nonresident contractor having only a $10,000 contract.

Affirmed.