Duane H. FAULL v. Richard HEATH,
Director, Department of Finance and
Administration

75-201                                    532 S.W. 2d 164

Opinion delivered January 26, 1976
[Rehearing denied March 1, 1976.]

*Givens & Buzbee,* for appellant.

*James R. Cooper, Harlin R. Hodnett,* and *Robert G. Brockman,* for appellee.

J. FRED JONES, Justice. This is an appeal by Duane H. Faull from a chancery court decree in favor of Richard Heath, Director, Department of Finance and Administration, holding the Gross Receipts Act of 1941, Ark. Stat. Ann. § 84-1902 et seq. (Repl. 1960), as amended (Ark. Stat. Ann. § 48-1401 et seq. [Supp. 1973]), constitutional as it applies to the ten per cent supplemental tax levied by §§ 8 and 10 (b) of Act 132 of 1969, Ark. Stat. Ann. §§ 48-1408 — 48-1410 (b) (Supp. 1973); and, holding that the appellant is liable for the supplemental tax on the entire gross proceeds or receipts from the dispensing of alcoholic beverages for the years 1970-1972.

The facts and issues are clearly set out in the appellant's brief and they appear as follows: The appellant is the indemnitor on a surety bond executed (pursuant to § 8 of Act 132 of 1969) by the Pastime Club of Hot Springs, Arkansas, a private club incorporated pursuant to the Act and which disburses mixed drinks to its members and their guests. As indemnitor, the appellent is ultimately liable for all tax liability of the Pastime Club, including the ten per centum supplemental tax levied by § 8 and § 10 of Act 132 of 1969, Ark. Stat. Ann. § 48-1410 (b) (Supp. 1973).

This controversy arose due to a dispute between the appellant and the Arkansas Department of Finance and Administration as to what portion of the charges made by the club to its members for alcoholic beverages should be subject to the ten per centum supplemental tax levied by the Act.

The parties stipulated that, after deducting the cost of the liquor, 60% of the charge for each drink at the club went to defray the cost of preparation and serving or the cooling and serving of the alcoholic beverages and that the other 40% of the charge was for non-alcoholic mixes and for entertainment for the members. The club paid the ten per centum supplemental tax on 60% of the proceeds but not on the other 40%. This litigation arose over whether the appellant was liable for a ten per cent supplemental tax levied on the remaining 40% of the charges for each drink to its members. The appellee made demand on appellant for $4,773.31 as the tax due on the remaining 40% of the revenues for the years 1970 through 1972.

The chancellor held the ten per cent supplemental tax valid and collectible on the entire 100% of the charge for alcoholic beverages (after deducting the cost of the liquor) and entered the decree as already stated.

On appeal to this court the appellant has designated the points on which he relies for reversal as follows:

"The ten percentum supplemental tax established by Section 8 and Section 10 of Act 132 of 1969 is unconstitutional.

If the court determines that the ten percentum supplemental tax is constitutional, then it should be levied only on that portion of the total charge for alcoholic beverages which represents the charge for preparing and serving or cooling and serving said beverages and not on the entire charge."

We agree with the chancellor that the Act is constitutional and that the ten per cent supplemental tax was due on the entire amount of the charges made by the club for

alcoholic beverages (less the cost of the liquor). Ark. Stat. Ann. § 48-1408 (Supp. 1973) reads as follows:

> "The sale of alcoholic beverages pursuant to this Act [§§ 48-1401 — 48-1418] shall be subject to the Arkansas Gross Receipts Act of 1941 [§§ 84-1901 — 84-1936], as amended, and, in addition, there is hereby levied a supplemental tax of ten per centum (10%) upon the gross proceeds or gross receipts thereof. Said supplemental tax shall be reported, and paid, to the Commissioner of Revenues in the same manner and at the same time as the Gross Receipts Tax and shall be subject to such reasonable rules and regulations as the Commissioner of Revenues may prescribe, including the maintenance of permanent records showing all purchases and sales of alcoholic beverages and the re- quirement of a bond to secure payment. The taxes herein prescribed may be passed on to the consumer and shall be in lieu of all other special taxes at the retail level."

The ten per cent levy portion of subsection (b) of Ark. Stat. Ann. § 48-1410 (Supp. 1973) is the primary portion of that section under attack in this case, but in an effort to clarify the decision we have reached in this case, we quote the entire section through subsection (b) as follows:

> "The General Assembly recognizes that many in- dividuals in this State serve mixed drinks containing alcoholic beverages to their friends and guests in the privacy of their homes and, in addition, many in- dividuals associated together in private nonprofit associations and/or corporations established for frater- nal, patriotic, recreational, political, social, or other mutual purposes as authorized by law, established not for pecuniary gain, have, for their mutual convenience, provided for the preparation and serving to themselves and their guests of mixed drinks prepared from alcoholic beverages owned by such members individually or in common under a so-called 'locker,' 'pool,' or 'revolving fund' system. In order to clarify the alcoholic beverage control laws of this State, and to regulate and prohibit

the sale of alcoholic beverages in violation of the provisions of this Act [§§ 48-1401 — 48-1418] and other applicable alcoholic beverage control laws of this State, the General Assembly hereby determines that the preparation, mixing and serving of such mixed drinks, beer and wine for consumption only on the premises of a private club as defined in Section 2 (j) [subsection j of § 48-1402] hereof by the members thereof and their guests, and the making of a charge for such services, shall not be deemed to be a sale or be in violation of any law of this State prohibiting the manufacture, sale, barter, loan or giving away of intoxicating liquor whenever:

(1) The alcoholic beverages, beer and wine so consumed have been furnished or drawn from private stocks thereof belonging to such members, individually or in common under a so-called 'locker,' 'pool,' or 'revolving fund' system and are replenished only at the expense of such members;

(2) Such private club has acquired a permit from the Board, in such form as the Board may appropriately determine. No private club permitted hereunder shall sell alcoholic beverages either by the package or drink. Alcoholic beverages, beer and wine owned by members may be stored on the premises of the club. If any permittee shall sell, barter, loan or give away any intoxicating liquor in violation of this Act or other alcoholic beverage control laws of this State, the permit of such club shall be revoked.

(b) Application for a permit under the provisions of this Section may be made to the Director in accordance with the rules and regulations of the Board. The application shall be accompanied by an annual permit fee of $500.00. Upon the Director determining that the applicant is qualified hereunder, a permit may be issued as authorized in this Section. Said permit shall be renewed on or before July of each year, provided, that any permit issued between January 1 and July 1 of any year shall be at one-half ( ½ ) of the amount of the fee provided herein.

In addition, there is hereby levied a supplemental tax of ten per centum (10%) upon the gross proceeds or gross receipts derived by such private club from the charges to members for the preparation and serving of such mixed drinks or for the cooling and serving of such beer and wine, drawn from the private stock of such members as hereinabove provided, for consumption only on the premises where served. Said supplemental tax shall be reported and paid to the Commissioner of Revenues in the same manner and at the same time as the gross receipts tax under the Gross Receipts Tax Act of 1941 [§§ 84-1901 — 84-1936], as amended, and shall be in addition to such tax. The Commissioner of Revenues shall promulgate reasonable rules and regulations for the enforcement and collection of the tax levied herein, including a requirement that each permittee maintain records showing all such charges made. The taxes herein prescribed may be passed on to the member. In addition to the fee and/or supplemental tax as levied herein, any city or incorporated town, or any county in which the permitted premises are located, if located outside the limits of a city or incorporated town, may levy an additional permit fee and/or supplemental tax not to exceed one-half [½] of the amount of the fee or rate provided in this Section. All fees and taxes levied hereunder by any city or county shall be used for city or county general purposes."

It is admitted that the Pastime Club in Hot Springs was incorporated as a nonprofit corporation and was granted a mixed drink permit to dispense alcoholic beverages to its members and guests as a private club pursuant to Act 132 of 1969, and that the alcoholic beverages were owned by the members and stored at the club.

In support of his first point the appellant argues that the statutory provisions levying the ten per cent supplemental tax "are unconstitutionally void, ambiguous and impossible of exaction." The appellant then states several rules of law with which we do not disagree, but which we do not consider applicable to the case at bar. The appellant argues that where a general statutory provision contains an express ex-

ception, the courts are required to give effect thereto, even though it may render the principal clause meaningless; that as a general rule, a tax cannot be imposed except by express words indicating that purpose; that the intention of the Legislature is to be gathered from a consideration of the entire Act and where there is ambiguity or doubt, it must be resolved in favor of the taxpayer, and against the taxing power; that the validity of an Act must be determined by its practical operation, and not by its title or declared purpose; that if it should be determined the legislative purpose as expressed by the words employed is ambiguous, all doubt should be resolved in favor of the taxpayer and, while a law should be construed to give meaning to all its parts, the construction must not be inconsistent with the language used therein.

The appellant cites numerous decisions supporting the above rules of law. As already stated, we have no quarrel with the stated rules of law or the decisions cited in support of them, but there are other rules of law which we consider more applicable to the facts in the case at bar. In construing a statute in the absence of any indication of a different legislative intent, we give words their ordinary and usual accepted meaning in common language. *Phillips Petroleum* v. *Heath*, 254 Ark. 847, 497 S.W. 2d 30 (1973). This means that a court does not resort to a subtle or forced construction for the purpose of limiting or extending the meaning of the statute's language. *Black* v. *Cockrill, Judge,* 239 Ark. 367, 389 S.W. 2d 881 (1965). Particularly when dealing with taxing legislation where any doubt or ambiguity must be resolved in favor of the taxpayer. *Hervey* v. *Construction Helicopters, Inc.*, 252 Ark. 728, 480 S.W. 2d 577 (1972).

We find nothing ambiguous or unclear in the provisions of the Act. Ark. Stat. Ann. § 48-1408 (Supp. 1973) clearly provides that the *sale* of alcoholic beverages is subject to the Gross Receipts Act of 1941 (§§ 84-1901 — 84-1936), as amended, and in addition thereto, levies a supplemental tax of ten per cent upon the "gross proceeds or gross receipts thereof," meaning the gross proceeds or gross receipts from the *sale* of alcoholic beverages.

Ark. Stat. Ann. § 48-1410 (Supp. 1973) in subsection (a) recognizes that a considerable amount of alcoholic beverages is consumed in private clubs when lawfully dispensed by the drink to club members and their guests under a "so-called 'locker,' 'pool' or 'revolving fund' system" under which the beverages are drawn from private stock belonging to the club members, and under which a *sale* by the drink or package is prohibited by law. Subsection (b) of § 48-1410 then provides for the issuance of permits to such private clubs for the lawful dispensation of such beverages under such system upon approval and the payment of a fee of $500, and subsection (b) then provides that in addition to the $500 fee "there is hereby levied a supplemental tax of ten per centum (10%) upon the *gross proceeds or gross receipts* derived by such private club from the *charges* to members for the preparation and serving of such mixed drinks or for the cooling and serving of such beer and wine, drawn from the private stocks of such members as hereinabove provided, for consumption only on the premises where served." (Emphasis added).

Thus it is clear to us, that the intent and purpose of the Act, as it relates to private clubs, is to levy a supplemental tax on the gross proceeds or gross receipts from alcoholic beverages not sold but dispensed by the clubs to its members and guests in the same percentage amount of ten per cent as is levied on the gross proceeds or gross receipts from the *sale* of alcoholic beverages through hotels, cafes and other lawful channels where such sales are lawfully conducted.

In support of his second point the appellant argues that by definition under the Arkansas Gross Receipts Act the term "gross receipts" or "gross proceeds" means total consideration for *sale* of tangible personal property and such services specifically provided for therein. He argues that the subject matter of this litigation is not "provided for therein"; that the Act defines the word "sale" and provides that the "term 'sale' shall not include furnishing of services." The appellant then argues that according to the specific language of Section 10 of the 1969 Act, there is no sale or gross receipts upon which to levy a supplemental ten per cent tax in the case at bar. He argues that the charges made by the club in dispensing drinks to its members is a charge for *services* and not a

sale; consequently, the ten per cent supplemental tax is not applicable in this case because the charge was for services and not a sale since there had been no sale.

We feel that what we have already said disposes of the appellant's argument on his second point. The subject of the ten per cent supplemental tax is alcoholic beverages. Although not germane to the issues before us, we see no logical reason why a supplemental tax should be levied on proceeds from alcoholic beverages sold by the drink in public hotels, cafes, taverns and bars and not be levied in the same percentage amount and manner on similar drinks with the same alcoholic content when the ingredients are purchased by a private club for its members and their guests, and paid for or reimbursement made by the individual member or guest as the beverage is mixed and dispensed by the drink in the privacy of the member's club.

The decree is affirmed.