DUNHALL PHARMACEUTICALS, INC. *v.* STATE of Arkansas, Department of Finance and Administration, et al.

88-16                                749 S.W.2d 666

Supreme Court of Arkansas
Opinion delivered May 16, 1988
[Rehearing denied June 13, 1988.]

*Bassett Law Firm*, by: *Wm. Robert Still, Jr.*, and *Angela M. Doss*, for appellant/cross-appellee.

*Kelly S. Jennings*, Revenue Legal Counsel, for appellee/cross-appellant.

ROBERT H. DUDLEY, Justice. This is a sales tax case. The appellant, Dunhall Pharmaceuticals, Inc., is an Arkansas corporation engaged in the manufacture and distribution of controlled substances and legend drugs pursuant to a license issued by the Arkansas State Board of Pharmacy. A Revenue Department auditor completed an audit of the appellant for the period of November 1, 1982, through January 31, 1986, which resulted in a gross receipts tax assessment of $15,170.94 plus penalty and interest. The assessment was based in part on the recorded but unreported sales of Omni Gel and Omni Mouth Rinse, as well as on samples of prescription drugs withdrawn from stock for free distribution to physicians and dentists. The appellant protested the described assessment. The assessment was sustained in its entirety in administrative court. On review in chancery court, the Chancellor affirmed the tax assessment on the sales of the Omni products but reversed the assessment on the samples withdrawn from stock for free distribution to physicians and dentists. We affirm the Chancellor on direct appeal and on cross-appeal.

The appellant appeals on the ground that the sales of the Omni products should be tax exempt under Ark. Stat. Ann. § 84-1904.3. Two versions of this statute were in effect during the

period covered by the audit:

> Effective July 1, 1979, the gross receipts or gross proceeds derived from the sale of prescription drugs by licensed pharmacists for human use and from the sale of oxygen sold for human use on prescription of a licensed physician shall be exempt from the Arkansas gross receipts tax levied by Act 386 of 1941 [§§ 84-1901—84-1919], as amended.

Ark. Stat. Ann. § 84-1904.3 (Repl. 1980).

> Effective July 1, 1985, the gross receipts or gross proceeds derived from the sale, purchase or use of prescription drugs by licensed pharmacists, hospitals or dispensing physicians registered under the provisions of Act 515 of 1983 (Ark. Stat. 72-638 et seq.) for human use and from the sale of oxygen sold for human use on prescription of a licensed physician shall be exempt from the Arkansas Gross Receipts Tax levied by Act 386 of 1941 [§§ 84-1901—84-1909, 84-1913—84-1919], as amended and the Arkansas Compensating Use Tax levied by Act 487 of 1949 [§§ 84-3101—84-3111, 84-3128], as amended.

Ark. Stat. Ann. § 84-1904.3 (Supp. 1985).

The appellant, Dunhall Pharmaceuticals, contends that it fits within the exemption contained in both versions of the statute. The argument is without merit. The appellant's license is one issued for drug manufacturers and wholesalers under Ark. Stat. Ann. §§ 82-2114 & -2115 (Supp. 1985). A licensed pharmacist, on the other hand, is licensed under Ark. Stat. Ann. § 72-1007 (Repl. 1979), and that statute limits pharmacists to "persons" who prove their competency either by taking an examination or by completing a school of pharmacy. *See* Ark. Stat. Ann. §§ 72-1007 to -1007.2 (Repl. 1979 & Supp. 1985). A pharmacist, in the ordinary sense of the word, is "a *person* licensed to prepare and dispense drugs and medicines; druggist; apothecary; pharmaceutical chemist." Random House Dictionary of the English Language 1451 (2d ed. 1983) (emphasis added). The appellant could not qualify as a "licensed pharmacist" under the statute which was effective July 1, 1979, and therefore, did not come within the exemption provision of Ark. Stat. Ann. § 84-1904.3 for that period. However, as noted above,

a new version of the statute became effective on July 1, 1985. Under it, the exemption was broadened and applied if the transaction involved a "sale, *purchase* or use of prescription drugs by licensed pharmacists, hospitals or other dispensing physicians registered under the provision of Act 515 of 1983 (Ark. Stat. Ann. § 72-638 et seq.) for human use." Ark. Stat. Ann. § 84-1904.3 (Supp. 1985). The appellant does not question the Chancellor's finding of fact that all of its sales were to dentists. Dentists are not physicians. Ark. Stat. Ann. § 72-604(2)(b) (Supp. 1985). Purchases by dentists are not excluded from taxation by the language of the above quoted 1985 exemption. The exemption provision must be strictly construed against the exemption. *Arkansas Beverage Co.* v. *Heath*, 257 Ark. 991, 521 S.W.2d 835 (1975). Therefore, the Chancellor correctly ruled that the appellant was not entitled to claim an exemption from gross receipts for the period from November 1, 1982, through January 31, 1986.

As noted above, the audit of the appellant also resulted in a gross receipts tax assessment which in part included unreported taxable sales of sample prescription drugs withdrawn from inventory by the appellant and distributed to its salesmen and subsequently to physicians and dentists at no charge. The assessment was upheld by the administrative court but reversed in chancery court. The Chancellor found that the State did not prove the value of the samples to appellant and held this to be insufficient under *State* v. *Dunhall Pharmaceuticals, Inc.*, 288 Ark. 16, 702 S.W.2d 402 (1986). The appellee brings a cross-appeal from this finding.

Ark. Stat. Ann. § 84-1903(a) (Repl. 1980) provides, "There is hereby levied an excise tax of three per centum (3%) upon the gross proceeds or gross receipts derived from all sales to any person subsequent to the effective date [July 1, 1941] of this Act, of the following: (a) Tangible personal property." Ark. Stat. Ann. § 84-1902(d) (Repl. 1980) (emphasis added) in part provides:

> The term "gross receipts" or "gross proceeds" means the total amount of consideration for the sale of tangible personal property and such services as are herein specifically provided for, whether the consideration is in money or otherwise, without any deduction therefrom on account of the cost of the properties sold, labor service performed,

interest paid, losses or any expenses whatsoever . . . .

The term "gross proceeds" or "gross receipts" shall include the *value* of any goods, wares, merchandise, or property withdrawn or used from the established business or from the stock in trade of the established reserves for consumption or use in such business or by any other person.

■■ The same parties that are in this case were before this Court two years ago, and we held that the cross-appellant, the Revenue Division of the Department of Finance and Administration, had to prove the value of free samples of prescription products which cross-appellee gave away before the value of the samples was subject to taxation. *State* v. *Dunhall Pharmaceuticals, Inc.*, 288 Ark. 16, 702 S.W.2d 402 (1986). The cross-appellant contends that our decision does not comport with legislative intent and asks us to reverse the decision. We decline to do so. Here, we are not deciding a question involving an exemption of the tax which is always strictly construed against the taxpayer. Instead, we are deciding an issue involving the levy of a tax and in deciding that issue, we resolve any doubt or ambiguity in favor of the taxpayer. *Faull* v. *Heath*, 259 Ark. 145, 532 S.W.2d 164 (1976). If the legislature had intended to fix some predetermined value, such as cost of manufacture, to apply to goods, wares, or merchandise withdrawn from stock, it could have easily said so. The legislature knows how to set a predetermined value. For example, complimentary tickets to places of amusement are determined to have a value equal to the sales price of similar tickets. Ark. Stat. Ann. § 84-1903(e) (Repl. 1980).

We decline to overrule our earlier decision, and, accordingly, affirm the Chancellor on cross-appeal. Affirmed on direct and on cross-appeal.