The Honorable Jim Bob Steel, Prosecuting Attorney, Ninth Judicial District-West P.O. Box 548, 219 North Main Street Nashville, Arkansas 71852
Dear Mr. Steel:
This in response to your request for an opinion regarding a local sales and use tax recently passed by the voters of Sevier County. You indicate in your request that on May 25, 1993, the voters of Sevier County approved a one-half cent local sales and use tax for the purpose of constructing a solid waste disposal and collection facility. You also indicate that in the same election the voters failed to approve the one-half cent local sales and use tax which would have been used to operate and maintain the solid waste disposal and collection facility. Additionally, you state that on August 10, 1993, the Sevier County Quorum Court passed a resolution not to collect the sales and use tax that was approved by the voters on May 25, 1993; you indicate that the reasoning behind the quorum court's decision not to collect the taxes was based on the belief that it would be pointless to build a disposal and collection facility if there were no monies to operate and maintain the facility once it was completed. Your request pertains to the following two issues regarding the quorum court's decision not to collect the taxes:
 1. Should the quorum court of Sevier County decide to collect the one-half cent local sales and use tax, can the quorum court amend their resolution and commence collecting same?
 2. If so, is there a time limit in which the decision would have to be reached or a certain time after which they would be barred from collecting same without another vote of the citizens of Sevier County?
I assume that the sales and use tax at issue in your question was approved at an election called by the Sevier County Quorum Court pursuant to A.C.A. § 26-74-207(a) (Cum. Supp. 1991). This statute permits counties, by referendum, to impose a countywide sales and use tax if the measure is approved by the voters of the county.See also City of Little Rock v. Waters, 303 Ark. 363,797 S.W.2d 426 (1990).
If I am correct in the above stated assumption, it is my opinion that the answer to your first question is "yes" since the measure has been approved by the voters.[1] This opinion is based, however, on the premise that the quorum court would amend the resolution and commence collecting the tax within any time limits set for levying the tax that might appear in the ballot title of the measure that was approved. The issue relating to such an expiration date will be discussed below in response to your second question.
A "county resolution" is defined under A.C.A. § 14-14-904(j) (Cum. Supp. 1991) as follows:
 A county resolution is defined as the adoption of a formal statement of policy by a quorum court, the subject matter of which would not properly constitute an ordinance. A resolution may by used whenever the quorum court wishes merely to express an opinion as to some matter of county affairs, and a resolution shall not serve to compel any executive action.
Under A.C.A. § 14-14-904(m) (Cum. Supp. 1991), county quorum courts can amend and appeal resolutions only in the form of subsequent resolutions. Therefore, in response to your first question, it is my opinion that the Sevier County Quorum Court can amend their August 10, 1993, resolution and commence collecting the local sales and use tax approved by the voters on May 25, 1993, if they do so in the form of a resolution. It should be noted, however, that if the quorum court were to amend their resolution and commence collecting the tax previously approved by the voters, the revenues raised could be used only for the purposes set forth in the original ballot. Additionally, if the quorum court were to commence collecting the taxes at a later date, they would be required to also comply with the provisions set forth below in response to your second question.
In response to your second question, I am unable to give a definitive answer since such a determination would require knowledge of the particular ballot title which was involved in the May 25, 1993, election wherein the voters approved a local sales and use tax. Pursuant to A.C.A. § 26-74-208(b) (Cum. Supp. 1991), a ballot title used in an election for the levy of a countywide sales and use tax may include a date beyond which a levy of the tax will not be permitted; the statute codified at A.C.A. § 26-74-208(b) reads as follows:
 The ballot title may also include an expiration date for the levy of the tax, and, if adopted in this form, the tax shall cease to be levied on the date noted on the ballot. [Emphasis added].
Therefore, if the particular ballot title in the measure at issue in your question contains an expiration date for the levy of the local sales and use tax, it is my opinion that the quorum court would be barred from amending their August 10, 1993, resolution to commence collecting the tax if that amendment occurred subsequent to the expiration date appearing in the ballot title. Presumably, however, if the ballot title does not contain such an expiration date for levy of the tax, the quorum court could commence collecting the tax at any subsequent date; I find no authority which would impose a time limit under these circumstances. However, it has been stated that, in deciding an issue involving the levy of a tax, a court must resolve any doubt or ambiguity in favor of the taxpayers. Dunhall Pharmaceuticals,Inc. v. State, 295 Ark. 483, 749 S.W.2d 666 (1988). In sum, the answer to your second question will depend on whether there is an expiration date for levy of the tax which appears in the ballot title of the measure approved by the voters on May 25, 1993.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Your question assumes that the quorum county acted within the scope of its authority in passing a resolution in which it declined to collect the taxes which were approved by the voters on May 25, 1993. You have not asked for an opinion on such authority of the quorum court, and therefore, I do not offer one thereon.