The Honorable Tom Kennedy State Senator Post Office Box 2396 Russellville, Arkansas 72811-2396
Dear Senator Kennedy:
This is in response to your request for an opinion concerning the collection of sales tax from a free standing for profit ambulatory surgery center. You have presented the following two questions:
 1. May the facility be assessed sales tax on prescription drugs that are used by physicians in the same manner as they are used in a hospital during surgery?
 2. May the facility be assessed sales tax on adaptive medical equipment and supplies that are used by a physician during surgery in the same manner that they are used in a hospital.
In my opinion, the answer to your first question is probably "no." The answer to your second question, however, will depend upon the particular facts surrounding the transaction.
Question 1 — May the facility be assessed sales tax on prescription drugsthat are used by physicians in the same manner as they are used in ahospital during surgery?
Arkansas Code Annotated § 26-52-301 (Supp. 1995) imposes a sales tax on, among other things, all sales of tangible personal property. There are, however, a number of exceptions to the tax. See generally A.C.A. §26-52-401 et seq. As noted in your letter, the relevant exception for the sale of prescription drugs is A.C.A. § 26-52-406. Section26-52-406(a)(1), as amended by Act 704 of 1997 (see also Act 884 of 1997), provides in part:
 The gross receipts or gross proceeds derived from the sale, purchase, or use of prescription drugs by licensed pharmacists, hospitals, or physicians when sold, purchased, or administered for human use and from the sale of oxygen sold for human use on prescription of a licensed physician shall be exempt from the Arkansas gross receipts tax levied by the Arkansas Gross Receipts Act, § 26-52-101 et seq., and the Arkansas compensating use tax levied by the Arkansas Compensating Tax Act, § 26-53-101 et seq.
(Emphasis supplied.) Prior to the 1997 amendment, § 26-52-406 provided in part that "The gross receipts or gross proceeds derived from the sale, purchase, or use of prescription drugs by licensed pharmacists, hospitals, dispensing physicians registered under the provisions of §17-95-102, or oncologists when sold, purchased, or administered for human use . . . shall be exempt. . . ." (Emphasis supplied.)
In order to qualify for the amended exemption, prescription drugs must be sold, purchased, or used by a licensed pharmacist, a hospital,[1] or a physician. It is my understanding from your letter that the prescription drugs are in fact "used" by a physician. (The existence of other relevant facts may, of course, impact this determination and my opinion.) Thus, although § 26-52-406 must be strictly construed against the exemption,see Dunhall Pharmaceuticals, Inc. v. State, 295 Ark. 483, 749 S.W.2d 666
(1988), it is my opinion that the exemption is probably applicable. My conclusion is supported by the emergency clause of Act 704 which provides in part: "It is found and determined by the General Assembly of the State of Arkansas that the current tax exemption for prescription drugs does not apply to all physicians and that the application of this law is confusing to the public; that by expanding the exemption the citizens of this state will benefit."
Question 2 — May the facility be assessed sales tax on adaptive medicalequipment and supplies that are used by a physician during surgery in thesame manner that they are used in a hospital.
The question that you have posed is one of fact which this office is neither equipped nor empowered to answer; however, I will set out the relevant statutory exemption and corresponding regulation. Arkansas Code Annotated § 26-3-307 (Repl. 1992) provides in part:
 (a) Gross receipts or gross proceeds derived from the rental, sale, or repair of adaptive medical equipment prescribed by a physician and disposable medical supplies prescribed by a physician shall be exempt from all state and local sales and use taxes.
 (1) This exemption shall only apply to adaptive medical equipment and disposable medical supplies prescribed for a specific patient prior to the sale.
 (2) This exemption shall not apply to items purchased by physicians, hospitals, nursing homes, or long-term care facilities for use by their patients or residents.
Gross Receipts Tax Regulation GR-38.2 provides that "a `prescription' means a written or verbal order from the physician to the seller stating that the patient requires the medical equipment or supplies for his health care." Whether an item is considered adaptive medical equipment or disposable medical supplies and whether the item has been prescribed for a specific patient prior to the sale present questions of fact.
With regard to both of your questions, I note that the Department of Finance and Administration, Revenue Division, has the authority to issue letter opinions on the propriety of the taxation or exemption of a sale. It should also be noted that no opinion issued by any other agency can be binding on the Department of Finance and Administration, Revenue Division. Gross Receipts Tax Regulation GR-76.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Gross Receipts Tax Regulation GR-37 provides that the term hospital means an institution which provides medical and surgical care for the general public. The regulation further provides that two basic factors determine whether an institution is a hospital: (a) the institution provides beds for the overnight stay of patients (an institution which provides "out-patient" services only is not a hospital), and (b) the institution provides a broad range of medical and surgical services. It is my understanding that an ambulatory surgery center provides "out-patient" services only.