## CENTRAL & SOUTHERN COMPANIES, INC. *v.*
### Richard A.WEISS, Director of Finance & Administration

98-407                                                    3 S.W.3d 294

Supreme Court of Arkansas
Opinion delivered October 28, 1999

*Rose Law Firm, A Professional Association*, by: *Ronald M. Clark* and *Michael N. Shannon*, for appellant.

*Malcolm P. Bobo*, for appellee.

RAY THORNTON, Justice. The court of appeals certified this case to us because it involves substantial questions of law concerning the validity, construction, or interpretation of an act of the General Assembly, and because it is a matter of first impression. The issue is whether the deduction for charitable contributions should be applied against the consolidated income of the affiliated companies in a consolidated tax return, or whether each separate affiliated corporation should take such deductions separately prior to consolidation as contended by Appellee, the Department of Finance and Administration (the Department).

Appellant, Central and Southern Companies, Inc., the parent corporation of ten affiliated companies, filed a consolidated state tax return applying deductions after consolidation. Based upon the Department's interpretation of Ark. Code Ann. § 26-51-805 (Repl. 1997), and because four of appellant's ten affiliated companies did not have net taxable income in one or more of the taxable years, some charitable contributions which were allowed in the federal return were not allowed on the Arkansas return[1]. This resulted in an assessment of $60,234.22 for the tax years 1991, 1992, and 1994. Appellant paid this assessment under protest and challenged the assessment in chancery court.

Motions for summary judgment were filed in chancery court by appellant and the Department. Both parties agreed that there

---

[1] Under applicable federal rules, the deduction for charitable contributions is limited to ten percent of the consolidated income. Arkansas has specifically adopted the federal limitation of ten percent as set out in section 170 of the Internal Revenue Code.

were no issues of material fact in controversy. The only issue for the chancellor to determine was whether the deduction for charitable contributions for Arkansas corporations filing consolidated returns is allowed at the consolidated entity level, as provided by federal rules, or computed at the individual corporation level and then aggregated, as urged by the Department. The chancellor granted the Department's motion for summary judgment and dismissed appellant's complaint, finding that "the state statute mandates a consolidation of net incomes or losses of the group members, while the federal code consolidates the gross taxable income of the group members and then applies consolidated deductions." It is from this finding that appellant appeals. We hold that the statutory provisions are ambiguous and that the legislative intent was to adopt the concept of filing federal consolidated returns. Accordingly, we reverse and remand.

In its point on appeal, appellant argues that the chancellor's finding, that Ark. Code Ann. § 26-51-805 requires that charitable contributions must be deducted at the individual level by the separate corporations before a consolidated tax return is filed, is erroneous based on the pertinent statutory scheme. Specifically, appellant argues that the language in Ark. Code Ann. § 26-51-805(g) indicates that the statute should be interpreted in light of the federal income-tax rules, and that based on the federal concepts for filing federal consolidated income-tax returns, deductions for charitable contributions are taken at the consolidated level. Appellant bases this contention on the following language:

> (g) This section is specifically designed to clarify the filing of consolidated corporate income tax returns with the Revenue Division of the Department of Finance and Administration and is to amend the Arkansas Income Tax Act, § 26-51-101 *et seq.* This section is based upon the concept of filing federal consolidated income tax returns.

Ark. Code Ann. § 26-51-805(g).

However, the Department contends that the language of subsection (f) of Ark. Code Ann. § 26-51-805, which provides for a computation of net income or loss before allocating income to Arkansas, requires that the deductions for charitable contributions must be taken before consolidation. That statute states:

> (f) In computing Arkansas consolidated taxable income or loss to which the tax rate is applied, the separate net income or loss of each corporation which is entitled to be included in the affiliated group shall be included in the consolidated net income or loss to the extent that its net income or loss is separately apportioned or allocated to the State of Arkansas in accordance with the provisions of § 26-51-701 *et seq.*

Ark. Code Ann. § 26-51-805(f).

■ In addressing the issue on appeal, we must interpret Ark. Code Ann. § 26-51-805. When no factual findings are at issue, we review issues of statutory construction *de novo*; it is for this court to decide what a statute means. *Hodges v. Huckabee*, 338 Ark. 454, 995 S.W.2d 341 (1999). We are not bound by the decision of the trial court; however, in the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Id.*

■ As a guide for our review, we look to the rules of statutory construction. The basic rule of statutory construction is to give effect to the intent of the legislature. *Ford v. Keith*, 338 Ark. 487, 996 S.W.2d 20 (1999). Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. We construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible. *Id.*

■ The first question we must address is whether the Arkansas statutory scheme is ambiguous. We have determined that a statute is ambiguous where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *ACW, Inc. v. Weiss*, 329 Ark. 302, 947 S.W.2d 770 (1997).

It appears that the provisions of subsections (f) and (g) are inconsistent. Subsection (g) states that the statute "is based upon the concept of filing federal consolidated income tax returns." The federal system for filing consolidated income-tax returns provides

that deductions for charitable contributions are to be taken at the consolidated level. The federal government has outlined the proper procedure for affiliated groups to follow when calculating taxable income at the consolidated level. The Treasury Regulations in relevant part state:

> (a) the consolidated taxable income for a consolidated return year shall be determined by taking into account:
>
> (1) The separate taxable income of each member of the group;
>
> (2) Any consolidated net operating loss deduction;
>
> (3) *Any consolidated charitable contributions deduction.*

26 CFR § 1.1502-11 (a) (1999)(emphasis added). Relying upon subsection (g) and applying the federal concept to the Arkansas statute, one interpretation of the statute would be that the deductions for charitable contributions are to be calculated at the consolidated level and not at the individual level.

However, the Department strongly contends that the language of the federal rules uses the phrase "taxable income" and argues that this differs from the language of subsection (f) which uses the phrase "separate net income." The use of these different phrases is offered as the justification for imposing a different rule for computation of Arkansas taxes, than that used in computation of federal taxes. The distinction in meaning between "net income" and "taxable income," upon which the Department relies, is not made clear in the Arkansas statutes. "Net income" is defined as "the adjusted gross income of a taxpayer less deductions allowed by this act." Ark. Code Ann. §26-51-403(a) (Repl. 1997). This statute does not resolve the question as to what deductions are to be allowed, or whether the "taxpayer" is the corporation that files a consolidated return, or each affiliated company that joins in the consolidated return.

In both the state and federal returns, as filed by appellant, the incomes of the affiliated companies were consolidated before deductions such as net operating losses and the deduction for charitable contributions were taken. Deductions for charitable contributions are correctly taken from consolidated taxable income for the

purpose of federal returns. As to what deductions are to be allowed under the Arkansas statutes, we have not been referred to any definition of "deductions for charitable contributions" except for Ark. Code Ann. § 26-51-419 (Repl. 1997), which reads as follows:

> Section 170 of the Internal Revenue Code of 1986, as in effect on January 1, 1997, regarding deductions for charitable contributions, is hereby adopted for the purpose of computing Arkansas income tax liability. ....

Ark. Code Ann. § 26-51-419.

Looking to other provisions of the Arkansas Code is useful in our analysis. With regard to "net operating losses," the General Assembly has provided in Ark. Code Ann. § 26-51-427 (Repl. 1997) that:

> (D) As used in this section, *the term "taxable income or net income"* shall be deemed to be the net income computed without benefit of the deductions for income taxes, personal exemptions, and credit for dependents.

Ark. Code Ann. § 26-51-427 (emphasis added). While this statute does not specifically address charitable contributions, we note that the General Assembly has not clarified the differences, if any, between the phrases "taxable income" and "net income." Because the meaning of the phrases is uncertain, we conclude that the statute is open to two or more constructions, or is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. We therefore hold that Ark. Code Ann. § 26-51-805 is ambiguous.

When a statute is ambiguous, we must interpret it according to the legislative intent. *ACW, Inc., supra.* Our review becomes an examination of the whole act. We reconcile provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part. We also look to the legislative history, the language, and the subject matter involved. The manner in which a statute has been interpreted by executive and administrative officers may also be considered, and will not be disregarded unless clearly wrong. *Id.* We must also remain mindful of a final rule of statutory construction in the area of taxation cases. Specifically, when we are deciding any issue involving the levying of taxes any and all doubts

and ambiguities must be resolved in favor of the taxpayer. *Pledger v. Troll Book Clubs, Inc.,* 316 Ark. 195, 871 S.W.2d 389 (1994); *Leathers v. A & B Dirt Movers, Inc.* 311 Ark. 320, 844 S.W.2d 314 (1992); *Dunhill Pharmacies, Inc. v. State,* 295 Ark. 483, 749 S.W.2d 660 (1988).

■ In our determination of legislative intent, we examine the whole act. At the outset we note that section one of Act 708 of 1979, codified as Ark. Code Ann. § 26-51-805, allowing corporations to file consolidated income-tax returns, reads as follows:

> SECTION 1. PURPOSE OF THE ACT. This act is specifically designed to clarify the filing of consolidated corporate income tax returns with the Division of Revenue of the Department of Finance and Administration and is used to amend Act 118 of 1929, as amended. *This Act is based upon the concept of filing Federal consolidated income tax returns.*

Act 708 of 1979 (emphasis added). We note that this enactment was a clear expression of the legislative intent, or purpose of the entire act, and that its later compilation as subsection (g) does not detract from that expression of legislative intent. Moreover, requiring federal returns to be attached to state returns is a further indication of legislative intent to conform state returns to the requirements of federal concepts. We also note that Arkansas Code Annotated § 26-51-401 (Repl. 1997), provides in part that "a taxpayer must calculate his Arkansas income tax liability using the same accounting method for Arkansas income tax purposes as used for federal income tax purposes." We conclude that an examination of the whole act so as to make its provisions consistent, harmonious, and sensible supports an interpretation that the legislative intent is for concepts of federal taxation to apply to Arkansas taxes unless a different treatment is prescribed by Arkansas law.

■ Our review next turns to a consideration of how the statute has been interpreted by executive and administrative officers. We note that the Department has applied an interpretation of Ark. Code Ann. § 26-51-805 that is consistent with the federal rules with regard to consolidated net operating losses. Specifically, the Department has adopted a regulation that reads as follows:

1. There shall be allowed as a deduction from gross income on a consolidated return of an affiliated group, a consolidated net operating loss carryover under the following rules:

\*\*\*

(C) The Consolidated Net Operating loss shall include the separate net income or loss of each member corporation separately apportioned or allocated to Arkansas and shall be subject to net operating loss adjustments provided in Section 13 of Act 118 of 1929 as amended. *Net operating loss deductions shall not be taken into account in computing separate net income or loss.*

DFA Reg. 1980-1 (1980)(emphasis added). This method of determining the net operating loss used by the state is identical to the method used in the federal system. Treasury Regulation 1.1502-12 states:

The separate taxable income of a member is computed in accordance with the provisions of the Code covering the determination of taxable income of separate corporations, subject to the following modifications:

(h) no net operating loss deductions shall be taken into account;

\*\*\*

(l) no deductions under section 170 with respect to charitable contributions shall be taken into account.

26 CFR § 1.1502-12 (1999). While the state regulation is consistent with the federal regulation for net operating losses, the Department disregards the federal regulation as it applies to deductions for charitable contributions. The Department's application of Ark. Code Ann. § 26-51-805 leads us to the conclusion that it has interpreted the statutory language to require the taxpayer to look to the federal concepts in the area of filing Arkansas consolidated tax returns for some but not all deductions.

Under the federal statutes, both deductions for charitable contributions and those for net operating losses are to be taken at the consolidated level. The statutory provision relied upon by the Department to justify a different treatment for charitable contributions is ambiguous, and in the absence of a clear distinction between these deductions, the same rules should be applied to deductions for

charitable contributions as are applied to net operating losses. While the interpretations by the Department are internally inconsistent, it is clear that the Department has adopted the federal concept with regard to allowing net operating losses as deductions from the consolidated return.

█ The intent to impose a tax must be clearly expressed, and when the taxing statute is ambiguous the statute must be given that interpretation most favorable to the appellant taxpayer. *See Leathers v. Active Realty, Inc.*, 317 Ark. 214, 876 S.W.2d 583 (1994).

█ Based upon all of these considerations, we conclude that the legislative intent is to follow the federal concept of allowing deductions for charitable contributions to be taken at the consolidated-entity level. Accordingly, the finding of the chancellor is reversed, and the matter is remanded for disposition in accordance with this decision.

Reversed and remanded.

BROWN, J., not participating.

Special Associate Justice JAY SHELL joins.

IMBER, J., dissents.

ANNABELLE CLINTON IMBER, Justice, dissenting. I cannot agree with the majority's holding that the language in subsections (f) and (g) of Ark. Code Ann. § 86-51-805 is ambiguous.

A cardinal principle of statutory construction is that we look first at the plain language of the statute and give the words their plain and ordinary meaning. *See ERC Contr. Yard & Sales v. Robertson*, 335 Ark. 63, 977 S.W.2d 212 (1998); *Ford Motor Credit Co. v. Ellison*, 334 Ark. 357, 974 S.W.2d 464 (1998). Section 26-51-805 (f) simply states that the "separate net income" of each corporation in the affiliated group is to be included in the "consolidated net income" when computing the "consolidated taxable income" of the affiliated group of corporations. Therefore, the key question is whether the term "separate net income" refers to income after deductions or income before deductions. If that term refers to income after deductions, the deductions must be made prior to

consolidation. The term "net income" has been defined previously by this court in *Morley v. Remmel,* 215 Ark. 434, 221 S.W.2d 51 (1949), as "the gross income of a taxpayer, less the deductions and exemptions allowed by law." More significantly, the General Assembly has defined "net income" as "the adjusted gross income of a taxpayer less the deductions allowed by this act." Ark. Code Ann. § 26-51-403(a) (Repl. 1997).[1] Based upon these definitions and the plain language of the statute, it is quite clear that deductions are to be made separately from each corporation's income before the incomes of the several affiliated corporations are consolidated and taxed. The meaning of the term "separate net income" is, thus, not ambiguous. It has been clearly defined by the legislature, and we should adhere to that manifestation of legislative intent. After all, the goal of statutory construction is to give effect to the intent of the legislature. *ERC Contr. Yard & Sales v. Robertson, supra.*

Nonetheless, the majority suggests that the definition of "net income" at Ark. Code Ann. § 26-51-403(a) "does not resolve the question as to what deductions are to be allowed, or whether the 'taxpayer' is the corporation that files a consolidated return, or each affiliated company that joins in the consolidated return." Again, the majority ignores the plain language of the statute. "Net income" refers to income after *all deductions allowed by law*.[2] Under section 26-51-805(f), it is the "separate net income" of *each corporation in the affiliated group* that is included in the "consolidated net income" of the affiliated group filing a consolidated tax return.[3] The plain language in section 26-51-805(f) could not be clearer. There is simply no ambiguity.

The majority then posits that Ark. Code Ann. § 26-51-805(f) and Ark. Code Ann. § 26-51-805(g), which states that "[t]his section is based upon the concept of filing federal consolidated income tax returns," appear to be inconsistent. According to the majority, section 26-51-805(g) requires that charitable contribution

---

[1] "[T]his act" in Ark. Code Ann. § 26-51-403(a) refers to the Arkansas Income Tax Act, codified at Ark. Code. Ann. §§ 26-51-101 — 26-51-1903 (Repl. 1997 and Supp. 1999).

[2] Deductions for charitable contributions are allowed by Ark. Code Ann. § 26-51-419 (Repl. 1997).

[3] The filing of a federal consolidated tax return on behalf of affiliated corporations does not make the group the taxpayer; the individual corporations remain the taxpayer. *Helvering v. Morgan's, Inc.,* 293 U.S. 121 (1935).

deductions for a corporation filing an Arkansas consolidated income tax return be calculated in the same way that the Internal Revenue Service calculates such deductions, which is at the consolidated level. However, the legislature did not expressly adopt the pertinent provisions of the federal tax code as it has done in other tax statutes. *See, e.g.,* Ark. Code Ann. § 26-51-419 (stating: "Section 170 of the Internal Revenue Code of 1986, as in effect on January 1, 1999, regarding deductions of charitable contributions, is *hereby adopted* for the purpose of computing Arkansas income tax liability.") (Emphasis added); Ark. Code Ann. § 26-51-404 (b)(1)-(3), (11)-(21), (24) (stating that various provisions of the Internal Revenue Code of 1986 are either "adopted" or "hereby adopted"). If the legislature had intended to adopt the federal method of calculation in this situation it would have done so by expressly adopting specific provisions of the federal tax code.

As the majority points out, it is a rule of statutory construction that statutes should be construed so that meaning and effect are given to every word in the statute if possible. *Kildow v. Baldwin Piano & Organ,* 333 Ark. 335, 969 S.W.2d 190 (1998). Therefore, the last sentence of Ark. Code Ann. § 26-51-805(g) must construed so as to give it meaning and effect. As previously stated, that sentence does not manifest an express adoption of a federal tax code provision. Rather, it says that section 26-51-805 is "*based upon the concept* of filing federal consolidated income tax returns." The concept of filing federal consolidated returns is not limited to the ability of taxpayers to take deductions after the incomes of various affiliated corporations are consolidated. In fact, one of the primary advantages of filing a federal consolidated income tax return is the ability to use the losses of one or more members of the affiliated group to reduce the taxable income of other group members. 14A FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS, *Taxation* § 6970.187 (1991). That advantage remains, regardless of how or when deductions are calculated. "The privilege of making a [federal] consolidated return does not have anything to do with specific items of income or deduction, but only with the form of the return and the grouping of gains and losses." 47B C.J.S. *Internal Revenue* § 1049 (1999). Consequently, Ark. Code Ann. § 26-51-805 is still "based on the concept of filing federal consolidated income tax returns," even though the legislature did not expressly adopt the federal method of calculating deductions.

Finally, the majority suggests that because the Department calculates net operating losses at the consolidated level, consistent with the federal method of calculation, "the same rules should be applied to deductions for charitable contributions as are applied to net operating losses." I have only one response to that assertion. The Department's treatment of net operating losses is not at issue in this case. The resolution of that issue remains for another day.

The trial court properly ruled that Ark. Code Ann. § 26-51-805 mandates that corporations filing Arkansas consolidated income tax returns must compute their charitable contribution deductions at the individual corporation level before the affiliated corporations consolidate their income. In order to reverse that ruling, the majority completely ignores the plain language of the statute, especially the words "separate net income or loss of each corporation which is entitled to be included in the affiliated group." Ark. Code Ann. § 26-51-805(f). The majority also attempts to create an inconsistency or ambiguity where none exists. Finally, the majority interprets the phrase "based upon the concept" to mean "adopt" in order to superimpose federal law in a wholesale manner onto the income tax laws of the State of Arkansas.[4]

For these reasons, I respectfully dissent.

---

[4] It should be noted that, in addition to net operating loss deductions and deductions for charitable contributions, Treasury Regulation 1.1502-12 contains a laundry list of modifications to the separate taxable income of each member of the group. 26 C.F.R. § 1.1502.12 (a)-(r) (1999). Likewise, consolidated taxable income is determined by taking into account not only those items noted by the majority (the separate taxable income of each member of the group; any consolidated net operating loss deduction; and any consolidated charitable contributions deduction), but also several other deductions. 26 C.F.R. § 1.1502-11 (a)(1)-(8) (1999).