The Honorable Mike Huckabee Office of the Governor State Capitol, Suite 250 Little Rock, AR 72201
Dear Governor Huckabee:
You have requested an Attorney General opinion concerningAct 498 of 1999.
Act 498 of 1999 amended two statutes that govern executive clemency (pardon, commutation of sentence, and remission of fines and forfeitures): A.C.A. § 5-4-607 and A.C.A. § 16-93-207. You point out that these two statutes, as amended, appear to conflict with one another, in that one limits its application to certain named felons, whereas the other seems to apply to all offenders. In light of this apparent conflict, you have asked:
 Does the four-year waiting period for repeat applications for clemency after denial of the previous application by the governor apply only to capital murder, Class Y, and Class A felons (as stated in A.C.A. § 5-4-607), or does it apply to any application for clemency (as stated in A.C.A. § 16-93-207)?
RESPONSE
It is my opinion, as explained more fully below, that the four-year waiting period for repeat applications for clemency after denial of the previous application by the governor applies only to capital murder, Class Y, and Class A felons.
A.C.A. § 5-4-607 sets forth certain requirements that must be met before the governor can grant a pardon or commutation of sentence.
Act 498 amended A.C.A. § 5-4-607 to read as follows:
 (4)(A) Any person who has been convicted of capital murder, § 5-10-101, or of any Class Y or Class A felony, and who makes an application shall not be eligible to reapply for a period of four (4) years after the date the application was denied.
A.C.A. § 5-4-607(4)(A).
A.C.A. § 16-93-207 also sets forth certain requirements concerning applications for pardon, commutation of sentence, and remission of fines and forfeitures.
Act 498 amended A.C.A. § 16-93-207 to read as follows:
 (c)(1) If an application for pardon, commutation of sentence, or remission of fine or forfeiture is denied in writing by the Governor, the person filing the application shall not be eligible to file a new application for pardon, commutation of sentence, or remission of fine or forfeiture related to the same offense for a period of four (4) years from the date of the denial.
A.C.A. § 16-93-207(c)(1).
At first blush, these two statutory provisions appear to conflict with one another. Under the provisions of A.C.A. § 5-4-607, if a person who was convicted of capital murder, or of a Class Y or Class A felony, applies for clemency and is denied by the governor, that person must wait four years before re-applying for clemency. This statute does not state the required waiting period for repeat applicants who were convicted of Class B felonies (or any other offenses).
In contrast, A.C.A. § 16-93-207 seems to state a general waiting period of four years before any repeat application for clemency. This statute does not differentiate between classes of offenses.
The Arkansas Supreme Court has held that where two statutes or parts of statutes seem to conflict, they should be interpreted, if possible, so that the provisions of the two can be harmonized and so that both can be upheld and given effect. See, e.g., Minnesota Min. Mfg. v. Baker,337 Ark. 94, 989 S.W.2d 151 (1999); Central Southern Companies, Inc. v.Weiss, 339 Ark. 76, 3 S.W.3d 294 (1999); Thomas v. Cornell,316 Ark. 366, 872 S.W.2d 370 (1994).
I find that it is possible to harmonize the provisions of A.C.A. § 5-4-607 and A.C.A. § 16-93-207.
My approach to harmonizing these two statutes is based upon the principle of statutory interpretation under which the Arkansas courts have held that in interpreting statutory language, it is inappropriate to presume that the legislature enacted a vain and meaningless law. See Yarbroughv. Witty, 336 Ark. 479, 987 S.W.2d 257 (1999); Lawhon Farm Servs. v.Brown, 335 Ark. 272, 984 S.W.2d 1 (1998); Citizens To Establish A ReformParty v. Priest, 325 Ark. 257, 926 S.W.2d 432 (1996); Henson v. FleetMortgage Co., 319 Ark. 491, 892 S.W.2d 250 (1995); Neely v. State,317 Ark. 312, 877 S.W.2d 589 (1994); Death and Total Permanent DisabilityTrust Fund v. Whirlpool Corp., 39 Ark. App. 62, 837 S.W.2d 293 (1992).
In order to explain the approach I have taken to interpreting these two statutes, I must briefly review their history. A.C.A. § 5-4-607 was enacted in 1975 as a part of Act 280 of that year. It appears to have been designed to provide regulatory procedural guidance concerning applications for executive clemency. It required (1) that copies of the application for clemency be filed with certain public officials; (2) that the application set forth the grounds for the request; (3) that the application be published; and (4) that the Governor file his order granting clemency with the General Assembly and that he include certain information in his order. The statute did not include a provision concerning a waiting period for re-application. At that time, A.C.A. §5-4-607 specifically applied to applications for clemency filed by capital murder felons. See Acts 1975, No. 280, § 1306. It was amended in 1991 to include Class Y, Class A, and Class B felons.
At the time of its passage, A.C.A. § 5-4-607 was the only statutory provision providing regulatory guidance for applications for clemency; A.C.A. § 16-93-207 had not yet been enacted.
In 1993, the General Assembly passed Act 5 (later codified as A.C.A. §16-93-207), which imposed a notice requirement concerning applications for clemency. Act 5 of 1993 required that the Governor now file a notice of intent to grant an application for clemency. Act 5 also contained a provision concerning when an application could be deemed denied and a provision requiring that applicants who wish to re-apply after their applications have been rejected must wait one year before re-applying. Act 5 did not contain any reference to specific levels of offense, but rather, referred generally to applications for clemency. See
Acts 1993, No. 5, §§ 1-4. Act 5 (A.C.A. § 16-93-207) appeared on its face to apply to all applications for clemency (and may, indeed, have been intended to apply to all applications for clemency).
In 1999, however, the legislature took action that appeared to indicate an intent to limit the waiting period provision of A.C.A. § 16-93-207 to the specific offenses listed in A.C.A. § 5-4-607. In Act 498 of 1999, the legislature amended both A.C.A. § 5-4-607 and A.C.A. § 16-93-207. The amendment to A.C.A. § 16-93-207 changed the waiting period from one year to four years. The amendment to A.C.A. § 5-4-607 added the provision concerning the four-year waiting period. It also removed Class B felons from the list of felons to whom the four-year waiting period applied.
The fact that the legislature made these two changes within the same act, and that it so carefully removed the Class B felons from the four-year waiting period indicates that it did not view A.C.A. §16-93-207 as applying to all offenders. If the legislature had viewed A.C.A. § 16-93-207 as being applicable to all offenders, the Class B felons who had been removed from the four-year waiting period of A.C.A. § 5-4-607 would nevertheless fall within the four-year waiting period of A.C.A. § 16-93-207, and the legislature's careful act of removing them from the four-year waiting period of A.C.A. § 5-4-607 would have been vain and meaningless.[1] It clearly appears that the legislature intended, in Act 498 of 1999, to limit the application of the four-year waiting period of A.C.A. § 16-93-207 to those felons specifically governed by the four-year waiting period of A.C.A. § 5-4-607. Act 498 appears to have been an attempt by the legislature to harmonize these two provisions. I acknowledge that it is puzzling that the legislature did not more clearly state its intent, and that either a legislative or judicial clarification of this matter would be helpful. Pending such clarification, I believe that my reading of Act 498 is a rational way of harmonizing these two statutes and of upholding and giving effect to both, as I am required to do if possible.
For all of the foregoing reasons, I conclude that the four-year waiting period for re-application for clemency after denial of the previous application by the governor applies only to capital murder, Class Y, and Class A felons, as provided in A.C.A. § 5-4-607(a), and that the provisions of A.C.A. § 16-93-207(c)(1) should be interpreted to apply only to those specific felons.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] I note that the fact that A.C.A. § 5-4-607 excluded Class B felons from its statement of the waiting period was rational, because a four-year waiting period would not make sense for Class B felons who are receiving good time, whereas the previous one-year waiting period that had been imposed by A.C.A. § 16-93-207(c)(1) might have. For example, a Class B felon who receives the maximum amount of good time will be released before the four-year waiting period is over. I must also note that Class B felons (and other offenders) who may be in a position to re-apply for clemency have no statutory guidance as to their waiting period for re-application. This is a matter that must be dealt with by the General Assembly.