The Honorable Kevin Smith State Senator 1609 Coker-Hampton Drive Stuttgart, AR 72160-5713
Dear Senator Smith:
I am writing in response to your request for my opinion on the following question:
 Can a local school district, school board, or a public school rent a school building to a not-for-profit organization (whose main source of funding comes from banquets and auctions) for the purpose of holding an auction if the items being auctioned on the school property include firearms?
I am informed that the nonprofit corporation at issue is the National Wild Turkey Foundation.
RESPONSE
In my opinion, the answer to your question is "no."
Although a school district is statutorily authorized to lease its properties, A.C.A. § 6-13-620(3), it is constrained in this authority by the overarching constitutional mandate to undertake only activities "necessary and lawful for the conduct of efficient free public schools in the district." A.C.A. § 6-13-620(13); see Ark. Const. art. XIV, § 1
(directing that "the State shall ever maintain a general, suitable and efficient system of free public schools"). As I noted in the attached Ark. Op. Att'y Gen. No. 2001-102, which generally addresses the standard of discretion of school districts to lease property, a school district "is empowered by statute to sell, rent or exchange . . . property, presumably for whatever use the recipient intends, if doing so is reasonably related to the goal of providing efficient free public schools." In that opinion, I further quoted the following from Ark. Op. Att'y Gen. No. 2000-270:
 The Arkansas courts have long interpreted this statute [A.C.A. § 6-13-620] as allowing school boards wide latitude in governing their districts. See, e.g., Safferstone v. Tucker, 235 Ark. 70, 72, 357 S.W.2d 3, 4 (1962); Isgrig v. Srygley, 210 Ark. 580, 197 S.W.2d 39
(1946). See also Springdale Board of Education v. Bowman, 294 Ark. 66, 69, 740 S.W.2d 909, 910 (1987); Leola School District v. McMahan, 289 Ark. 496, 498, 712 S.W.2d 903, 905 (1986). The courts have further held that they will not substitute their judgment for that of a school board with regard to policy matters, unless the school board, in enacting the policy in question, abused its discretion or acted arbitrarily, capriciously, or contrary to law. Id. The court in Leola, supra,
explained "arbitrary and capricious" action by a school board as being action that is not supportable "on any rational basis." Leola, 289 Ark. at 498, 712 S.W.2d at 905. It should be noted that the party challenging the school board's policy has the burden of proving the board's abuse of discretion by clear and convincing evidence. Springdale, 294 Ark. at 69, 740 S.W.2d at 910.
Under this standard, I believe a school district's authority to lease school property is broad but not absolute. To my mind, a school district's discretion certainly does not extend to the point of enabling a lessee to flout the law. Section 5-73-119(a) of the Arkansas Code provides in pertinent part:
(2)(A) No person in this state shall possess a firearm:
 (i) Upon the developed property of the public or private schools, K-12;
* * *
 (B) A violation of subdivision (a)(2)(A) of this section shall be a Class D felony, and no sentence imposed for violation thereof shall be suspended or probated or treated as a first offense under § 16-93-301 et seq.
The basic rule of statutory construction is to give effect to the intent of the legislature. Central Southern Companies, Inc. v. Weiss,339 Ark. 76, 3 S.W.3d 294 (1999). When the language of a statute is plain and unambiguous, legislative intent is determined from the ordinary meaning of the language used. Id. In considering the meaning of a statute it is construed just as it reads, giving words their ordinary and usually accepted meaning in common language. Id. Applying these principles, it appears clear on the face of this statute that the legislature intended to impose a complete ban on possession of firearms on school property, subject only to certain inapplicable exceptions set forth at A.C.A. §5-73-119(c). In light of this statute, I do not believe it would be permissible for a school district, school board or public school to rent a school building to a nonprofit corporation for the purpose of conducting an auction of items that include firearms.[1]
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
[1] Although my conclusion renders the issue moot, I will note in passing that using school property for the proposed auction might further jeopardize the school district tax exemption under Ark. Const. art. XVI, § 5. See Ark. Op. Att'y Gen. No. 99-240.