Mr. Robert Harrison, Chairman Commission on Law Enforcement Standards and Training 4 State Police Plaza Drive Little Rock, Arkansas 72209
Dear Mr. Harrison:
I am writing in response to your request for an opinion on a question regarding Act 1452 of 2001. That act states in Section 1 that: "In accordance with the Arkansas Law Enforcement Standards and Training Commission's certification requirements for law enforcement officers,effective September 1, 2001, all new law enforcement officers in the State of Arkansas shall complete at least twenty (20) hours of training in domestic violence and twenty (20) hours of training in child abuse. Practicum[1] training will also be sufficient for this requirement."[2]
You note that at a recent meeting of the Commission, a question arose as to the application of this language. You note that "[a]n interpretation of these lines, provided by the Deputy Director of the Arkansas Law Enforcement Training Academy, provides that all officers going through a Basic Officer Course of at least four hundred thirty-two (432) hours must have this training." A question then arose as to whether the requirement would also apply to the forty-hour "refresher course," which is required of officers who have been out of law enforcement for seven years and of those officers who received their equivalent basic training in another state and who are transferring or moving to this state to become law enforcement officers.
You state that "[t]he question is whether the lines `. . . all new law enforcement officers in the State of Arkansas . . .' applies to both officers undergoing Officer Basic Training in Arkansas (minimum course 432 hours) and those who acquire such Basic Training in another state and transfer (move) to Arkansas and continue their career in law enforcement."
RESPONSE
In my opinion the language of the Act is not entirely clear in its application to the situation you describe. In my opinion, therefore, the Commission is invested with some discretion as to the interpretation and application of the Act to as nearly as possible comply with the legislative intent. In my opinion the Commission would not be acting outside its permissible discretion in declining to apply the Act 1452 training requirements to out-of-state law enforcement officers.
The pertinent determination, as you note, turns upon the construction of the words "all new law enforcement officers in the State of Arkansas. . . ." The words "in the State of Arkansas" appeared in the original version of House Bill 2315, which became Act 1452. As originally introduced, House Bill 2315 would have required "all law enforcement officers in the State of Arkansas" to have the training. The word "new" was inserted into the bill by Amendment 1, after the bill's original filing. In my opinion, from a review of the legislative history, including Amendment 1 to House Bill 2315, the purpose of the Amendment was to restrict the requirement to "new" officers, as opposed to all officers, which was the original purpose of the bill. See n. 2, supra.
This knowledge, however, merely begs the question — who should be defined as a "new law enforcement officer in the State of Arkansas" for purposes of Act 1452? Does this description include not only new recruits with no prior law enforcement training or experience, but also officers who are "new" in Arkansas, but who have experience and training from another state?
In my opinion the language of the statute is ambiguous in this regard. A statute is ambiguous where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. Central SouthernCompanies, Inc. v. Weiss, 339 Ark. 76, 3 S.W.3d 294 (1999), citing ACW,Inc. v. Weiss, 329 Ark. 302, 947 S.W.2d 770 (1997).
When a statute is ambiguous, the courts must interpret it according to the legislative intent. Id. The review becomes an examination of the whole act. Id. The court looks to the legislative history, the language, and the subject matter involved. The manner in which a statute has been interpreted by executive and administrative officers may also be considered, and will not be disregarded unless clearly wrong. Id. at 82-83.
In my opinion the words "new" and "in the State of Arkansas" in Act 1452 were not enacted to have particular reference to officers who transfer from another state. This in my opinion was not the focus of the legislative intention in adopting Amendment 1 to House Bill 2315. The General Assembly's focus appears to have been to restrict application of the act to "new" officers, as opposed to requiring all officers, including experienced officers in the State to receive the training. The word "new," therefore, appears to modify the word "law enforcement officers" rather than modifying the word "in the State of Arkansas." In my opinion, therefore, the Commission would be within its powers to decline to apply the new requirement of Act 1452 to experienced officers transferring to Arkansas from other states.
My conclusion is buttressed by a consideration of the policy and purposes behind the act. It has also been stated that when the language of a statute is capable of two interpretations, its meaning is ambiguous and the Arkansas Supreme Court is compelled to look to the intent and purpose of the General Assembly in enacting the statute. First State Bank v.Arkansas State Banking Bd., 305 Ark. 220, 223, 806 S.W.2d 624, 626
(1991). To determine legislative intent, the Arkansas Supreme Court looks to appropriate sources that clarify the matter, including the language of the statute, the subject matter, the object to be accomplished, and the purpose to be served. Bd. of Trustees v. Stodola, 328 Ark. 194, 199,942 S.W.2d 255, 257 (1997). See also Manning v. State, 330 Ark. 699, 702,956 S.W.2d 184 (1997).
Subsection (b) of Act 1452 enumerates the topics to be covered by the new training requirement. Relevant to domestic abuse, the Act requires training in "(1) the dynamics of domestic abuse; (2) The Domestic Abuse Act of 1991; (3) Domestic abuse victim interview techniques; (4) Supportive services available; and (5) Pro-arrest guidelines and drawbacks of dual arrest and practices to promote safety of officers." With regard to training in child abuse, the act requires coverage of "(1) Current law including child maltreatment act and the Arkansas Juvenile Code of 1989; (2) Child sexual abuse; and (3) Physical and behavioral indicators." As indicated earlier in this opinion, "practicum training" is sufficient to meet these training requirements. See n. 1, supra.
Many of the items above, such as the "dynamics of domestic abuse" will be familiar to law enforcement officers transferring from out-of-state. Other required topics concern the particular law of Arkansas with which such officers will be unfamiliar. You indicate that the forty-hour "refresher course" is calculated to "familiarize [such officers] with Arkansas law." Presumably, therefore, some of the Arkansas legal provisions concerning domestic violence and child abuse will be a part of the "refresher course." Requiring out-of-state transferees to obtain the Act 1452 training would thus to some extent involve a duplication of that effort.
In my opinion therefore, the Commission is invested with some discretion as to the application of Act 1452 in this instance and would not be outside its discretion to decline to apply the training requirements of Act 1452 to transferring officers.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] The word "practicum" is defined as ". . . to give students supervised practical application of previously studied theory. . . ." The American Heritage Dictionary of the English Language (4th Ed. 2000).
[2] The italicized language was inserted by an amendment to the original House Bill 2315 during its consideration by the General Assembly. See House Bill 2315, Amendment 1. As originally introduced, the bill would have required "all law enforcement officers in the State of Arkansas" to complete the training.