The Honorable Mike Huckabee Governor State Capitol, Suite 250 Little Rock, AR 72201
Dear Governor Huckabee:
I am writing in response to your request for my opinion on the following questions:
 1. Does A.C.A. § 7-1-103(a)(2)(A) allow state employees, elected officials, appointees to boards and commissions, and/or constitutional officers to drive their private vehicles during office hours with campaign stickers or banners attached and visible? Does the mere fact that a state employee or one of these other people mentioned, who [sic] has a campaign sticker or banner on their [sic] private vehicle, during office hours or driving to events, meetings or other government business, violate this section of the code?
 2. Does A.C.A. § 7-1-103(a)(6) prohibit state employees, elected officials, appointees to boards and commissions, and/or constitutional officers from driving their personal cars and claim[ing] mileage with campaign stickers or banners attached and visible? This would only apply when they are claiming mileage and thus, their private car is a "state car" for that period of time that mileage is being claimed. Does the mere fact that a state employee or one of these other people mentioned, who [sic] has a campaign sticker or banner on their private vehicle, during office hours or driving to events, meetings or other government business, violate this section of the code if they are claiming mileage?
RESPONSE
With respect to your first question, A.C.A. § 7-1-103(a)(2)(A) only bars public servants from "devot[ing] any time or labor during usual office hours" to campaign activities. In my opinion, nothing in this statute would bar a public servant from displaying a campaign banner or sticker on his vehicle. With respect to your second question, in my opinion, nothing in A.C.A. § 7-1-103(a)(6) would preclude a public servant from seeking mileage reimbursement for the use of his vehicle on public business simply because the vehicle displays a campaign banner or sticker.
Question 1: Does A.C.A. § 7-1-103(a)(2)(A) allow state employees, electedofficials, appointees to boards and commissions, and/or constitutionalofficers to drive their private vehicles during office hours withcampaign stickers or banners attached and visible? Does the mere factthat a state employee or one of these other people mentioned, who [sic]has a campaign sticker or banner on their [sic] private vehicle, duringoffice hours or driving to events, meetings or other governmentbusiness, violate this section of the code?
Subsection 7-1-103(a)(2)(A) of the Code (Supp. 2001) provides:
 It shall be unlawful for any public servant, as defined in § 21-8-402, to devote any time or labor during usual office hours toward the campaign of any other candidate for office or for the nomination to any office.
Subsection 21-8-402(18) of the Code (Supp. 22001) defines the term "public servant" as follows: "`Public servant' means all public officials, public employees, or public appointees." Subsection21-8-402(17) defines a "public official" as follows:
 "Public official" means a legislator or any other person holding an elective office of any governmental body, whether elected or appointed to the office, and shall include such persons during the time period between the date they were elected and the date they took officer.
Subsection 21-8-402(16)(A) defines the term "public employee" as "an individual who is employed by a governmental body or who is appointed to serve a governmental body." Subsection 21-8-402(15)(A) defines a "public appointee" as "an individual who is appointed to a governmental body." In my opinion, the individuals referenced in your request clearly qualify as "public servants" under these definitions.
As noted in Southwestern Bell Mobile v. Arkansas Public ServiceCommission, 73 Ark. App. 222, 228, 40 S.W.3d 838 (2001):
 The basic rule of statutory construction is to give effect to the intent of the legislature. Central Southern Companies, Inc. v. Weiss, 339 Ark. 76, 3 S.W.3d 294 (1999). When the language of a statute is plain and unambiguous, legislative intent is determined from the ordinary meaning of the language used. Id. In considering the meaning of a statute it is construed just as it reads, giving words their ordinary and usually accepted meaning in common language. Id.
(Footnote omitted.) Applying this rule of construction, I do not believe A.C.A. § 7-1-103(a)(2)(A) can be read as precluding a public servant from displaying a campaign sticker or banner on his private vehicle during office hours. The statute prohibits only "devot[ing] any time or labor during usual office hours" to campaigning. On its face, this statute appears only to prohibit public servants from diverting their energies from public business to campaigning during office hours. In my opinion, such proscribed behavior is totally different from a public servant's incidentally displaying a bumper sticker that he has applied on his own time, so long as the public servant is driving the vehicle in the course of and in pursuit of his public duties. I do not think a public servant could reasonably be described as "devoting" his time or labor to campaigning if his sole purpose in driving his vehicle and his focus in the course of doing so were the conduct of government business. My conclusion would obviously be different if the public servant were driving the vehicle during business hours, say, to attend a political rally. However, assuming a public servant limits his activities to government business during usual business hours, I do not believe he can be charged with violating the statute based merely on the fact that his vehicle bears a campaign sticker or banner.[1]
Question 2: Does A.C.A. § 7-1-103(a)(6) prohibit state employees, electedofficials, appointees to boards and commissions, and/or constitutionalofficers from driving their personal cars and claim[ing] mileage withcampaign stickers or banners attached and visible? This would only applywhen they are claiming mileage and thus, their private car is a "statecar" for that period of time that mileage is being claimed. Does the merefact that a state employee or one of these other people mentioned, who[sic] has a campaign sticker or banner on their private vehicle, duringoffice hours or driving to events, meetings or other governmentbusiness, violate this section of the code if they are claiming mileage?
Subsection 7-1-103(a)(6) of the Code (Supp. 2001) provides:
 It shall be unlawful for any campaign banners, campaign signs, or other campaign literature to be placed on any cars, trucks, tractors, or other vehicles belonging to the State of Arkansas or any municipality or county in the state.
On its face, this statute prohibits the display of campaign banners or stickers only on vehicles "belonging to" the state or its political subdivisions. Giving the quoted language its ordinary meaning, I believe this statute cannot apply to a vehicle owned by a private individual, regardless of whether the individual is a public servant using the vehicle to conduct government business. Moreover, in my opinion, nothing in the statute would preclude the individual from claiming mileage for official use of his private vehicle. The statute simply provides no support for the conclusion that a public servant loses his eligibility for mileage reimbursement if his vehicle bears a campaign banner or sticker.
I should stress that I have restricted myself to construing and applying the statutes referenced in your request. You have not asked, and I consequently will not address, whether any statutory or constitutional provisions might bear on your current policy of prohibiting employees from displaying campaign banners and stickers on private vehicles driven to and from work. However, for a helpful discussion of possible constitutional issues, see Francis M. Dougherty, Annotation, Validity,Construction, and Effect of State Statutes Restricting PoliticalActivities of Public Officers or Employees, 51 A.L.R.4th 702 (1987).
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
[1] Given my conclusion that the language of the statute does not preclude the incidental display of campaign banners or stickers on private vehicles used to conduct public business, I need not reach the constitutional question of whether a statute purporting to impose such a restriction would pass constitutional muster. I will note in passing, however, that courts have addressed this issue in the following cases:Goodman v. Kansas City, Missouri, 906 F.Supp. 537 (W.D. Mo. 1995) (administrative regulation that prohibited city employees from displaying political bumper stickers in city-controlled lots held violative of First Amendment); but see Connealy v. Walsh, 412 F.Supp. 146 (W.D. Mo. 1976) (circuit court's prohibition on bumper stickers based on state interest in maintaining nonpartisan court system sufficiently strong to overcome judicial employee's First Amendment interest in free expression); Hobbsv. Thompson, 448 F.2d 456 (5th Cir. 1971) (city ordinance forbidding firefighters to "prominently identify" with political candidates too vague to provide notice that the display of bumper stickers was prohibited).