The Honorable Phillip T. Jacobs State Representative 819 North Miller Street Clarksville, AR 72830-2239
Dear Representative Jacobs:
I am writing in response to your request for my opinion on a question I will paraphrase as follows:
 Does the provision of A.C.A. § 14-40-302, as amended by Act 1751 of 2001, prohibiting a municipality of fewer than 1,000 people from annexing property in a given year in excess of 10% of the municipality's current area apply when property owners petition to be annexed into the municipality pursuant to A.C.A. § 14-40-601?
RESPONSE
In my opinion, the answer to your question is "no."
Sections 14-40-301 et seq. of the Code (Repl. 1998 Supp. 2001) provide for the annexation of property contiguous to a municipality upon a vote of the municipality's governing body and majority approval of the residents of the municipality and the area to be annexed. Act 1751 of 2001, codified as A.C.A. § 14-40-302(c), provides:
 However, a municipality having a population of fewer than one thousand (1,000) persons shall not annex in any one (1) calendar year contiguous lands in excess of ten percent (10%) of the current land area of the municipality.
Sections 14-40-601 et seq. of the Code (Repl. 1998 Supp. 2001) provide that a majority of real estate owners in any part of a county contiguous to a city or incorporated town may apply to be annexed to the city or town by petition to the county court, subject to possible challenge in the circuit court.
At issue in your request is whether the 10% growth restriction that applies when a municipality initiates the process of annexation likewise applies when the property owners themselves seek to be annexed. See Cityof West Memphis v. City of Marion, 332 Ark. 421, 423 (1998) (characterizing these two modes of annexation as "involuntary" and "voluntary," respectively). As noted in Southwestern Bell Mobile v.Arkansas Public Service Commission, 73 Ark. App. 222, 228, 40 S.W.3d 838
(2001):
 The basic rule of statutory construction is to give effect to the intent of the legislature. Central Southern Companies, Inc. v. Weiss, 339 Ark. 76, 3 S.W.3d 294 (1999). When the language of a statute is plain and unambiguous, legislative intent is determined from the ordinary meaning of the language used. Id. In considering the meaning of a statute it is construed just as it reads, giving words their ordinary and usually accepted meaning in common language. Id.
(Footnote omitted.) In attempting to ascertain legislative intent, the court will look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, legislative history, and other appropriate matters that shed light on the matter.Board of Trustees v. Stodola, 328 Ark. 194, 942 S.W.2d 255 (1997). Moreover, as the court noted in Southwestern Bell Telephone Co. v.Arkansas Public Service Commission, 69 Ark. App. 323, 333, 13 S.W.3d 197(2000):
 In determining the intent of the legislature, this court must look at the whole act and, as far as practicable, give effect to every part, reconciling provisions to make them consistent, harmonious, and sensible. Brandon v. Arkansas Pub. Serv. Comm'n, 67 Ark. App. 140, 992 S.W.2d 834 (1999). This court not only looks at the language of the statute but also its subject matter, the object to be accomplished by the statute, the purpose to be served, and other appropriate matters. Id.
Subsection 14-40-302(c) of the Code restricts the power of small municipalities to annex large tracts of land. Nothing in the statute suggests that this restriction will apply if property owners themselves, as distinct from the municipality's governing body, initiate the annexation process. Act 1751 specifically amended only A.C.A. §14-40-302, not any provision in A.C.A. § 14-40-601 et seq. Moreover, A.C.A. § 14-40-604(a)(2)(A), which expressly applies to property-owner-initiated annexations, contains a separate provision addressing the permissible size of annexations. This statute provides that a court may annul a county court's annexation order upon a showing "that the territory proposed to be annexed is unreasonably large." With respect to property-owner-induced annexation efforts, then, the legislature has afforded the court with discretion to determine whether an annexation is too large. By contrast, when the municipality itself sponsors the annexation, A.C.A. § 14-40-302(c) flatly dictates that the annexation not exceed 10% of the municipality's current land area in any given year.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh