The Honorable David Dunn State Representative Post Office Box 208 Forrest City, AR 72336-0208
Dear Representative Dunn:
I am writing in response to your request for my opinion on the following question:
 Does the Forrest City Advertising and Promotion Commission have the authority to padlock a business as a result of nonpayment of taxes?
RESPONSE
Although the answer to this question is far from clear, I believe a local advertising and promotion commission is probably limited in its remedies to executing on a judgment obtained pursuant to A.C.A. § 26-75-603
(Repl. 1997). The only direct authority to padlock a business for nonpayment of taxes is that set forth at A.C.A. §§ 26-18-1001 and -1004(b)(1) (West Supp. 2005), contained within the Tax Procedure Act, which permit the Director of the Department of Finance and Administration ("DFA") to lock a business that has thrice failed to report gross receipts tax or compensating use tax within a 24-month period. Even though a tax levied to support an advertising and promotion commission is denominated a "gross receipts" tax, A.C.A. § 26-75-602(a) (Repl. 1997), it is a tax collected exclusively by the commission pursuant to the procedures set forth at A.C.A. § 26-75-603, which do not directly include padlocking the business of a delinquent taxpayer. Subsection 26-75-603(b) does provide that local enforcement and collection of the advertising and promotion tax may, "so far as practicable," track the procedures set forth in the Tax Procedure Act, possibly including the procedure of closing and padlocking a business. However, this conclusion is far from inevitable in light of A.C.A. § 26-75-603(c), which authorizes municipalities to enact implementing ordinances relating only to limited aspects of tax collection, none of which would permit closing and padlocking a business. Legislative clarification appears necessary.
Subchapter 6 of chapter 75 of title 26 of the Arkansas Code (Repl. 1997) sets forth the Advertising and Promotion Commission Act. Section26-75-602 authorizes any city or town to impose a tax not to exceed 3% on the gross receipts of various recited types of business operations.[1]
Section 26-75-603 sets forth the procedure for the collection and enforcement of this tax. Subsection (a) of this statute provides that the tax will be collected by the advertising and promotion commission authorized at A.C.A. § 26-75-605 or its agent "in the same manner and at the same time as the tax levied by the Arkansas Gross Receipts Act of 1941, § 26-52-101 et seq."
Subsection 26-75-603(b) establishes the commission's sole authority over collection as follows:
 The person paying the tax shall report and remit it upon forms provided by the commission, and as directed by the commission. The rules, regulations, forms of notice, assessment procedures, and the enforcement and collection of the tax under the Arkansas Gross Receipts Act of 1941, § 26-52-101 et seq. and the Arkansas Tax Procedure Act, § 26-18-101, et seq., shall, so far as practicable, . . . be applicable with respect to the enforcement and collection of the tax levied pursuant to the authority of this subchapter. However, the administration and enforcement, and all actions, shall be by, and in the name of, the commission through the proper commission officials or agents. The commission shall have the authority to sue and be sued in its name. The Department of Finance and Administration shall have no authority to enforce or collect the tax levied pursuant to this subchapter.
(Emphasis added.) Read in isolation, the highlighted excerpt from this statute would appear to authorize a local advertising and promotion commission to pursue, "so far as practicable," any enforcement remedies available to the Department of Finance and Administration in its collection of state taxes. Among these remedies is the following action authorized at A.C.A. § 26-18-1001(c)(1) (West Supp. 2005):
 If the noncompliant taxpayer has a third delinquency in reporting or remitting tax in any consecutive twenty-four-month period after the issuance of the notice provided in subsection (b) of this section, the director shall notify the noncompliant taxpayer by certified mail or by hand delivery that the business will be closed within five (5) business days from the date of the notice unless the noncompliant taxpayer makes arrangements with the director to satisfy the tax delinquency.
With respect to the issue of padlocking a business, A.C.A. § 26-18-1004
(West Supp. 2005) further provides in pertinent part:
 (a) If a noncompliant taxpayer fails to timely seek administrative or judicial review of a business closure decision or if the business closure decision is affirmed after administrative or judicial review, the Director of the Department of Finance and Administration shall affix a written notice to all entrances of the business that:
 (1) Identifies the business as being subject to a business closure order; and
(2) States that the business is prohibited from further operation.
 (b)(1) The director may also lock or otherwise secure the business so that it may not be operated.
Although A.C.A. § 26-75-603(b) appears to vest in the commission a broad authority to enforce the excise tax devoted to advertising and promotion, the following provision of the succeeding subsection of the statute might be read as restricting that authority:
 The levying city is authorized to adopt ordinances consistent with and in similar form to § 26-18-101, et seq. to enable the commission or its agent to enforce the tax through examination of records, notices of proposed and final assessment, and administrative hearings on proposed assessments.
(Emphasis added.) The highlighted passage is problematic in that it appears to limit the range of ordinances a levying city might adopt to those dealing with the enforcement activities recited. Chapter 18 of title 26 contains its own provisions regarding the examination of records, A.C.A. § 26-18-305 (Supp. 2003), notices of proposed and final assessment, A.C.A. § A.C.A. §§ 26-18-307 and -401 (Supp. 2003), and administrative hearings on proposed assessments, A.C.A. § 26-18-405
(Supp. 2003). Given that A.C.A. § 26-75-603(b) generally appears to authorize a commission to follow those procedures, the question arises why the legislature specifically reiterated that authority in A.C.A. §26-75-603(c). It is an established rule of statutory construction that language in a statute will not be given a construction that renders it mere surplusage. On the contrary, a reviewing authority must attempt to give meaning to all portions of an act. See e.g., Stephens v. ArkansasSchool for the Blind, 341 Ark. 939, 20 S.W.3d 397 (2000); Central Southern Companies, Inc. v. Weiss, 339 Ark. 76, 3 S.W.3d 294 (1999); andFord v. Keith, 338 Ark. 487, 996 S.W.2d 20 (1999). Applying this principle, I believe the legislature may well have enacted A.C.A. §26-75-603(c) as a restriction on A.C.A. § 26-75-603(b), in effect defining those aspects of the Tax Procedure Act that it deemed "practicable" for application by local authorities in the collection of an advertising and promotion tax. Although this conclusion is far from inevitable, if it is correct, it would mean that local authorities cannot close and lock down a business pursuant to the Tax Procedure Act.
In my opinion, it is possible to read A.C.A. § 26-75-603(c) as having independent meaning in two respects. First, it specifies that a city may by ordinance institute measures consistent with the Tax Procedures Act. In addition, the statute directs that these ordinances may address only the "examination of records, notices of proposed and final assessment, and administrative hearings on proposed assessments." Conspicuously absent from this list is any generalized directive that a city may by ordinance avail itself of other remedies set forth in the Tax Procedure Act, including the remedy of administratively closing and padlocking a business. Having offered these interpretations, I must observe that the relationship between subsections (b) and (c) of A.C.A. § 26-75-603 is unclear. I can only opine that the apparent restrictions set forth in A.C.A. § 26-75-603(c) call into question whether local authorities can close and padlock a business for nonpayment of taxes.
In this regard, I am further struck by the fact that A.C.A. § 26-75-603
sets forth what appears to be a self-contained and self-sufficient scheme whereby a city can vindicate its interest in collecting the gross receipts tax pledged to advertising and promotion. Subsection (c) of the statute provides in pertinent part:
 The levying city is also authorized to adopt ordinances which enable the commission to:
 (1) Assess penalties and interest against taxpayers who fail to timely report or pay the tax. The penalty is equal to five percent (5%) of the unpaid tax amount per month not to exceed a total assessment of thirty-five percent (35%) of the unpaid tax. Simple interest on unpaid taxes shall be assessed at the rate of ten percent (10%) per annum.
 (2) Assess unpaid or unreported tax within three (3) years of the date the tax is due.
 (3) Provide for judicial relief from proposed assessments in accordance with subsection (d) of this section.
 (4) Issue certificates of indebtedness in accordance with subdivision (3) [sic: "(e)"] of this subsection.
The referenced subsection (d) of the statute provides that an aggrieved taxpayer may either pay under protest and file suit or post a bond and file suit. Subsection (e) provides that if a taxpayer fails to pursue his remedies, resulting in a final assessment, the commission will issue a certificate of indebtedness that, when entered upon the circuit court judgment docket, will have the effect of a judgment at law. Specifically, A.C.A. § 26-75-603(e)(5) provides:
 The commission shall have all remedies and may take all proceedings for the collection of the tax which may be taken for the recovery of a judgment at law.
Section 26-75-603 thus sets forth a comprehensive scheme whereby a commission can reduce a delinquent taxpayer's obligations to judgment. For the reasons discussed above, it is unclear whether the legislature additionally intended to authorize a city by ordinance to authorize the commission or some other authority to close and to padlock the business of a delinquent taxpayer. Unfortunately, I can render no opinion on this question other than to observe the legislative clarification appears warranted. Pending such clarification, prudence might dictate that the city pursue only those remedies that have been clearly authorized.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] Subchapter 7 of chapter 75 of title 26 (Repl. 1997 Supp. 2003) additionally authorizes imposing a 2% gross receipts tax, to be used by the city's advertising and promotion commission, on similar types of businesses in any city of the first class having a population of fewer than 5,000 inhabitants, a portion of which has been designated as an Historic District and is included in the National Register of Historic Places. A.C.A. § 26-76-701. Forrest City is not eligible to impose this tax. For a discussion of the scope of this subchapter, see Ark. Op. Att'y Gen. No. 2005-065.