The Honorable Steve Faris State Senator
29476 Highway 67 Malvern, Arkansas 72104-6833
Dear Senator Faris:
I am writing in response to your request for an opinion concerning A.C.A. § 16-17-129, which authorizes additional fines to help defray prisoner expense. As background for your questions, you recite the following subsection 16-17-129(b)(1):
 In addition to all fines now or as may hereafter be provided by law, the quorum court of each county may by ordinance levy an additional fine not to exceed twenty dollars ($20.00) to be collected from each defendant upon each conviction, each plea of guilty or nolo contendere, or each bond forfeiture in all cases in the first and second class of accounting records as described in Section 16-17-707. A county ordinance enacted under this subdivision (b)(1) applies to all district courts in the county.
A.C.A. § 16-17-129(b)(1) (Supp. 2009) (emphasis added).
As you note, A.C.A. § 16-17-707 defines the first and second class of accounting records in district court as those cases which comprise the so-called "city docket" (first class of accounting records) and "county docket" (second class of accounting *Page 2 
records).[1] As you further note, A.C.A. § 16-17-129(a)(1)(A) also authorizes a so-called "city jail fine" in all cases on the city docket (the first class of accounting records).[2]
With this background in mind, you ask:
 1. Does this have the net effect that cases on the "city docket" — cases charged and prosecuted by a city or municipality as opposed to the county — will have imposed the additional $20.00 city jail fine and the additional $20.00 county jail fine? [Emphasis original.]
 2. If so, will those defendants essentially be hit with the jail fine twice?
 3. Further, § 16-17-129 consistently uses the language "not to exceed twenty dollars ($20.00)." Does this language mean that, if a city or county passes an ordinance under this statute, it must be the specific amount of $20.00 — no more or no less — or would it be permissible to pass an ordinance under this Code section in an amount less than $20.00?
RESPONSE
The answer to your first question is "yes," in my opinion. Subsection 16-17-129(b)(1) (Supp. 2009) plainly authorizes the quorum court to pass an ordinance *Page 3 
to levy and collect the additional fine in "all cases in the first . . . class of accounting records[,]" i.e., cases on the city docket. See n. 1, supra. Accordingly, if the city has also passed an ordinance pursuant to A.C.A. § 16-17-129(a)(1)(A), see n. 2, supra, then it seems clear that both the city-imposed fine and the county-imposed fine will apply in cases on the city docket.
In response to your second question, defendants in city-docketed cases will be subject in that instance to two fines under A.C.A. § 16-17-129: one levied by the city pursuant to subsection 16-17-129(a)(1)(A) and one levied by the county pursuant to subsection 16-17-129(b)(1). Thus, while it might seem as though such defendants will, as you say, "be hit with the jail fine twice," technically these are separate fines.
I believe it is clear in response to your final question that the fine may be set in an amount less than $20.00. This conclusion follows from the plain language of the statute. See generallyWilcox v. Safley, 298 Ark. 159, 766 S.W.2d 12 (1989) (stating the well-established rule of statutory construction that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face). As noted in Southwestern BellMobile v. Arkansas Public Service Commission,73 Ark. App. 222, 228, 40 S.W.3d 838 (2001):
 The basic rule of statutory construction is to give effect to the intent of the legislature. Central Southern Companies, Inc. v. Weiss, 339 Ark. 76, 3 S.W.3d 294 (1999). When the language of a statute is plain and unambiguous, legislative intent is determined from the ordinary meaning of the language used. Id. In considering the meaning of a statute it is construed just as it reads, giving words their ordinary and usually accepted meaning in common language. Id.
See also Manning v. State,330 Ark. 699, 956 S.W.2d 184 (1997) (observing that courts should construe legislative language from the natural and obvious import of the language, without resorting to subtle and forced construction).
By providing that the additional fine under A.C.A. § 16-17-129 is "not to exceed twenty dollars ($20.00)," the legislature in my opinion plainly has not required that the fine be set in the specific amount of $20.00. Instead, I believe it is clear from this language that the fine can be less than, but not greater than, $20.00. *Page 4 
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] Cases are docketed pursuant to the Arkansas District Courts and City Courts Accounting Law, A.C.A. §§ 16-10-201 — 212 (Repl. 1999 and Supp. 2009), which requires separate dockets for "city cases" and "county cases."Id. at -206(f) (Supp. 2009). All disbursements from the several accounting records established under A.C.A. § 16-17-707 are to be made pursuant to this Accounting Law. See
A.C.A. § 16-17-707(c) (Supp. 2009).
[2] Subsection 16-17-129(a)(1)(A) (Supp. 2009) states:
 In addition to all fines now or as may hereafter be provided by law, the governing body of each town or city in which a district court is located may by ordinance levy and collect an additional fine not to exceed twenty dollars ($20.00) from each defendant upon each conviction, each plea of guilty or nolo contendere, or each bond forfeiture in all cases in the first class of accounting records as described in § 16-17-707.

 *Page 1